Judge GUTIERREZ,
dissenting.
I respectfully dissent from the majority view that it is not fundamentally unfair to prevent an arrestee from preserving evanescent evidence when that individual refuses state-administered BAC testing. I adhere to the line of authorities holding that a DUI arrestee has a due process right to gather independent evidence of sobriety regardless of whether he refuses or submits to a state’s BAC test. Snyder v. State, 930 P.2d 1274, 1277 (Alaska 1996); McNutt v. Superior Court of State of Arizona, 133 Ariz. 7, 648 P.2d 122, 125 n. 2 (1982); Smith v. Cada, 114 Ariz. 510, 562 P.2d 390, 392-93 (Ariz.Ct.App.1977); State v. Swanson, 222 Mont. 357, 722 P.2d 1155, 1157 (1986); State v. Lewis, 266 S.C. 45, 221 S.E.2d 524, 526 (1976).
The majority holding at first blush appears attractive but, I conclude, does not withstand closer scrutiny. Its flaw is in the fact that an arrestee ultimately cannot (and in this case did not), prevent the state from gaining blood alcohol content evidence and other evidence of intoxication on which to base a prosecution. As this case illustrates, if the arrestee has refused to participate in a breath test, the state retains the option to obtain a blood test to determine alcohol content. The state may obtain a warrant for a blood draw, as was done here, or because of the exigency of dissipation of the evidence through metabolism of the alcohol in the bloodstream, the state may obtain a blood draw without a warrant.[1] See Schmerber v. California, 384 U.S. 757, 770-71, 86 S.Ct. 1826, 1835-36, 16 L.Ed.2d 908, 919-21 (1966); State v. Woolery, 116 Idaho 368, 370, 775 P.2d 1210, 1212 (1989); State v. Robinson, 144 Idaho 496, 501, 163 P.3d 1208, 1213 (Ct.App.2007). Therefore, although a suspect’s refusal of a breath test makes acquisition of evidence for prosecution more inconvenient, it ordinarily does not prevent the acquisition of even alcohol content evidence. And, of course, the state remains able to preserve other evidence of intoxication such as observation and video or audio recording of such characteristics as slurred speech, reddened eyes, and impaired balance. The state may also utilize the arrestee’s refusal of the BAC test as evidence at trial. In short, disallowing a defendant access to a telephone does not advance the state’s ability to preserve and present its own ease.
Therefore, a breath test refusal does not justify depriving an accused of all meaningful opportunity to gather evidence in his defense. Because of the evanescent nature of the evidence, holding an accused incommunicado for hours after a BAC refusal entirely deprives the accused of the ability to preserve potentially exculpatory evidence. See Smith, 562 P.2d at 392 (not allowing an arrestee the opportunity to obtain an independent BAC test upon refusal of a state-administered test would be tantamount to suppressing evidence favorable to the arrestee because it would affirmatively prohibit him from obtaining evidence of his sobriety because of the evanescent nature of alcohol in the blood). The state’s interest in denying the arrestee access to a telephone, on the other hand, is de minimis once it has *712 been established that the arrestee will not submit to a breath test.
Accordingly, I would hold that a DUI arrestee’s due process rights are violated when he is refused the opportunity to obtain independent evidence of sobriety after refusing a state-administered BAC test and would reverse the order denying the motion to suppress evidence.

. Idaho courts have also found warrantless blood draws justified by consent via implied consent law. State v. Diaz, 144 Idaho 300, 302-03, 160 P.3d 739, 741-42 (2007); State v. Nickerson, 132 Idaho 406, 410, 973 P.2d 758, 762 (Ct.App.1999).